**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-06617 BKT** |
| | **Chapter 13** |
| **SHYLENE MARIE COX SANTIAGO** | |
| **Debtor** | |
| | |
| **SHYLENE MARIE COX SANTIAGO** | |
| **Plaintiff** | |
| **vs.** | |
| | **Adversary No. 14-00302 BKT** |
| **RUSHMORE LOAN MANAGEMENT SERVICES AS SERVICE AGENT OF ROOSEVELT CAYMAN ASSET COMPANY II** | |
| | **FILED & ENTERED ON 02/02/2016** |
| **Defendant** | |

<u>**OPINION AND ORDER**</u>

Before this Court is the *Motion for Reconsideration and Reply to Motion to Dismiss* [Dkt. No. 34] filed by Shylene Marie Cox Santiago ("Plaintiff"), along with an *Opposition to Plaintiff's "Motion for Reconsideration of Dismissal"* [Dkt. No. 39] filed by Rushmore Loan Management Services ("Rushmore"), as service agent of Roosevelt Cayman Asset Company II. For the reasons set forth below, the Plaintiff's *Motion for Reconsideration and Reply to Motion to Dismiss* is DENIED.

1

## I.      Factual Background

On August 12, 2014, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code. According to Plaintiff's Schedule A, her principal residence is located at Urb. Jardines de la Fuente in the Municipality of Toa Alta. This property was listed with a current value of $180,000.00 and the total amount of secured claim was listed as $221,716.00. [Dkt. No. 1, Schedule A]. In turn, Schedule D identified Rushmore as the holder of a mortgage lien over said property. [Dkt. No. 1, Schedule D].

Rushmore is a secured creditor and the holder in due course of a mortgage note, encumbering Plaintiff's principal residence. On December 22, 2014, Plaintiff filed the present adversary proceeding to determine the validity, priority and extent of the lien. On January 22, 2015, Rushmore filed Proof of Claim No. 8-1 claiming Plaintiff's secured debt with Rushmore in the total amount of $224,047.96, with pre-petition arrears in the amount of $3,917.00.

On July 15, 2015, Rushmore filed a *Motion to Dismiss the Complaint* [Dkt. No. 25]. Rushmore argued that Plaintiff's allegations failed to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). A hearing was held on July 16, 2015 where attorney for Plaintiff was present in which this Court ordered and granted Plaintiff thirty (30) days to respond to Rushmore's motion to dismiss. Said response was due on August 17, 2015. [Dkt. No. 30]. However, Plaintiff failed to respond to Rushmore's Motion to Dismiss. Thus, on August 25, 2015, this Court granted as unopposed Rushmore's motion to dismiss for the reasons stated in the motion to dismiss. [Dkt. No. 32].

On August 26, 2015, Plaintiff filed her *Motion for reconsideration and Reply to Motion to Dismiss.* She argues, summarily, that Rushmore violated Fed. R. Bankr. P. 3001(d) by failing

2

to submit a timely Proof of Claim and that the mortgage note is null and void because of alleged violations of the Puerto Rico Notarial Law.

## II.     Standard of Review

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir. 2006).

While Plaintiff's motion to alter or amend the order granting Rushmore's motion to dismiss does not specifically state under which rule or statute Plaintiff is making its request, based on the title of her motion and the fact that it was filed within fourteen (14) days from the entry of the Order granting Rushmore's motion to dismiss, this Court assumes that Plaintiff's request is made pursuant to Fed. R. Bankr. P. 9023. This, in turn, makes Fed. R. Civ. P. 59(e) applicable to this adversary proceeding. See Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009).[1] Thus, for judicial economy purposes, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States,

---

[1] A motion for reconsideration filed within fourteen (14) days of the entry of the order or judgment sought to be reconsidered is treated as a motion to alter or amend under Fed. R. Civ. P. 59(e). Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d at 232.

256 F.Supp.2d 1180, 1183 (D.Nev.2003). Furthermore, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 989 F. Supp. 74 (D.P.R.1997). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or re-argues theories already properly disposed of by the Court. See e.g. Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp. 1310, 1316 (S.D.Tex.1994) (footnotes omitted). Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977).

The purpose of a motion for reconsideration is to bring to the court's attention newly discovered evidence that was not available at the time of the entry of the order, changes in existing law, or errors in the court's application of the law. The court need not consider arguments raised for the first time in a motion for reconsideration.

**III.    Discussion**

Plaintiff alleges in her motion for reconsideration that Rushmore violated Federal Rule of Bankruptcy Procedure 3001(d) by failing to submit a timely Proof of Claim. However, pursuant to this Court's ruling in In re Jurado, 318 B.R. 251 (Bankr. D.P.R. 2004), Rushmore's filing of its secured proof of claim was timely filed.

Section 501(a) of the Code provides that any creditor may file a proof of claim. In turn, section 502 requires the filing of a timely proof of claim to determine whether the claim is allowed or not. See 11 U.S.C. §§ 501, 502. The Federal Rules of Bankruptcy Procedure require the filing of a proof of claim by unsecured creditors and equity security holders for the claim or

4

interest to be allowed. Fed. R. Bankr. P. 3002(a). A proof of claim filed by an unsecured creditor and/or an equity security holder is timely if the claim is filed within ninety (90) days after the first date set for the meeting of creditors. However, the Bankruptcy Code and Rules do not provide the time within which secured claims may be filed, or the consequences of a secured creditor's failure to file a proof of claim. See In re Jurado, 318 B.R. at 255.

The Court in Jurado, cited In re Macías, 195 B.R. 659 (Bankr. W.D.Texas 1996) as to the question of 'timeliness' of secured claims in the context cases filed under Chapter 13 of the Code. "The court in Macías measured the timeliness of filing secured claims in chapter 13 cases in terms of the efficient administration of the case." In re Jurado, 318 B.R. at 255. "It remains to determine what 'timely' should mean when we apply section 502(b)(9) in the context of secured claims in chapter 13 cases." Id. "The rules provide no bar date for secured claims [and] [t]he statute itself gives no guidance regarding what 'timely' means in the context of secured claims, especially in the chapter 13 context." Id. at 255 (citing In re Macías, 195 B.R. at 662-63).

The Macías court stated that the function of the timeliness requirement is to aid in the orderly and efficient administration of bankruptcy cases. Id. Since the trustee cannot perform his "task of distribution in an orderly and efficient manner unless [he] knows with a certainty which creditors are entitled to receive how much money, . . . 'timely,' as applied to the filing of secured claims in a chapter 13 case, ought to be a date prior to the commencement of distribution of payments. Id.

In the instant case, the deadline for filing proofs of claim for unsecured creditors was December 15, 2014. However, Rushmore is a secured creditor which filed Claim No. 8 on January 22, 2015. At that point, the chapter 13 plan had not been confirmed. Consequently, the

5

Trustee had not initiated the distribution of payments. As Plaintiff has failed to obtain confirmation of the chapter 13 plan, Rushmore's filing of its secured proof of claim was timely pursuant to Court's ruling in Jurado.

Plaintiff also contends that the mortgage note is null and void because of alleged violations of the Puerto Rico Notarial Law. Plaintiff alleges that the notary public does not identify who is executing the mortgage note. However, a review of the mortgage deed in question reveals that the notary public identified all parties to the mortgage deed which complies with Article 57 of the Puerto Rico Notarial Law.

Plaintiff further alleges that the representative of the bank did not appear on the date of the execution of the mortgage. As a basis for said allegation, Plaintiff enclosed a copy of the mortgage deed sent to Plaintiff on October 3, 2005. However, a copy of a mortgage note and deed is not required by law to have the signatures of all the parties in order to be valid:

> A notary, in order to give faith that an original deed has all the necessary signatures for its validity, does not have to provide copies of such signatures or specify where those signatures were located in the original; his certification regarding the exact content of the document and existence of such signatures covers that gap.

Western Fed. Savs. Bank v. Registrador, 139 D.P.R. 328 (1995).

Furthermore, the Puerto Rico Notarial Law does not require that all parties be present or together at the time of the signing of the documents. Article 28 of the Puerto Rico Notarial Law states that "if there are no attesting witnesses, it shall not be necessary for those appearing to sign the document together in the presence of the notary, but he/she may personally receive their signatures at any time within the same calendar day of the execution." 4 L.P.R.A. § 2046.

6

Finally, Plaintiff's motion for reconsideration fails to provide convincing reasons why the court should revisit its August 25, 2015 Order. Similarly, Plaintiff offers no compelling facts or law in support of repealing the court's prior decision. Plaintiff fails to present newly discovered evidence or any intervening change in law. Rather, in disagreeing with this Court's August 25, 2015 order, Plaintiff attempts to raise arguments at reconsideration to sway the court's initial findings. Plaintiff's arguments, however, do not warrant reconsideration by this Court.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that Plaintiff's *Motion for reconsideration and Reply to Motion to Dismiss* shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 2nd day of February, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

7